Mr. Chief Justice Johnson delivered the opinion of the Court. This was a petition filed by Wood, to set aside and quash an execution issued by Bracken against him. The petitioner set out that Bracken, as the assignee of Seany and Langwell, recovered a judgment against him in the Phillips Circuit Court, on the 28th December, 1841, for the sum of two hundred and fifty dollars for his debt, and interest thereon at the rate of six per cent, per annum from the 12th July, 1839, for his damages, together with the costs of suit, &c. He then charged that four separate executions had been sued out upon said judgment, the first of which was issued on the 18th February, 1843; the second on the 10th of August, 1843; the third on the 23d of August, 1844, and the fourth on the 17th of May, A. D. 1850; that the first three were returned by the sheriff wholly unsatisfied, and that the fourth was levied by the sheriff upon his interest in the tavern house situated on lot No. 90, in the town of Helena; and further, that said judgment had not been revived by scire facias or otherwise since its rendition, and that no steps or proceeding had been taken to enforce the collection of the same since the 23d day of August, 1844, until the issuance of the execution dated the 17th May, 1850, and then argues that in consequence thereof, no execution could legally and properly issue on said judgment on the said 17th of May, 1850, and then concludes with a prayer that the last execution which was issued on the 17th May, 1850, may be stayed, set aside and quashed. To this petition, the defendant, Bracken, demurred specially, and the court, upon due consideration had overruled the demurrer, and the defendant having refused to answer over, final judgment was rendered against him, quashing the execution, and also for the costs of the suit. The question then to be decided is whether the Circuit Court ruled correctly or not in overruling the demurrer to the petition and quashing the execution. It appears from the petition, which stands admitted by the demurrer, that the first writ of fi. fa. which issued upon the judgment did not so issue within a year and a day, but that although the judgment was rendered on the 28th December, 1841, the execution did not issue until the 18th of February, 1843. There is no pretence, therefore, that the first fi. fa. issued within a year and a day, and that othei’s had been regularly issued within the same space of each other down to the one now before the court, or that the judgment had been otherwise kept alive. In the case of Aires v. Hardress, 1 Strange Rep. 99, the course proper to be pursued to avoid the necessity of a sci. fa. is pointed out. In that case, a fieri facias was taken out within the year and a nulla bona returned, this was continued down for several years, and then a capias ad satisfaciendum issued. And whether that was regular or not, was the question. The court took time to inquire, and the last day of the term the Chief Justice said, “ If this were a new case, they should think it hard to take away all scire facias’s. But the practice had gone so far that there is no overturning it now.” Wherefore the execution was held regular. “ But it is otherwise if no execution be returned by the sheriff to warrant the entry of continuances on the roll. (See Blayer v. Baldwin C. B., 2 Wilf. 82. Barnes, 213 S. C.) At common law, in real actions where land was recovered, the demandant, after the year, might take out a scire facias to revive his judgment, because being particular in the real action quod the lands with a certain description, the law required that the execution of that judgment should be entered upon the roll, that it might be seen whether execution was delivered of the same thing of which judgment was given; and therefore, if there was no execution appearing on the roll, a scire facias issued to show cause why execution should not be. But if the plaintifF, after he had obtained judgment in any personal action, had lain quiet and had taken no process of execution within the year, he was put to a new original upon his judgment, and no scire facias was issuable by law on the judgment, because there was not a judgment for any particular thing in the personal action with which the execution could be compared: therefore, after a reasonable time, which was a year and a day, it was presumed to be executed and therefore the law allowed him no sci. fa. to show cause why there should not be execution; but if the party had slipped his lime, he was put to his action on the judgment, and the defendant was obliged to show how that debt, of which the judgment was an evidence, was discharged. To remedy this, and make the forms of proceedings more uniform in both actions, the statute of Westm. 2, 13 E. 1, St. 1, Ch. 45, gave the sci. fa. to the plaintifF to revive the judgment where he had omitted to sue execution within the year after the judgment was obtained. (See 2 B. A. Letter H.p. 362, and the authorities there cited.) The reason why the plaintiff is put to his sci. fa. after the year, is because where he lies quiet so long after his judgment, it shall be presumed he hath released the execution, and therefore, the defendant shall not be disturbed without being called upon and having an opportunity in court of pleading the release, or showing cause, if he can, why the execution should not go. (See same authority, at page 363.) It is clear, under the authorities, that the first Ji. fa. that issued upon the judgment referred to, was irregular, and consequently would have been holden voidable and quashed upon a direct proceeding instituted for that purpose. This being the case, there was necessarily no basis laid upon which to build up and support those that were subsequently taken out. It is only in the event that one shall be taken out within the year and a day, that the judgment can be kept up, so as to authorize the issuance of others without the necessity of a scire facias. This was not done in this case, and consequently, nothing has yet taken place to remove the presumption of payment which the law raises after the lapse of the year and a day, and consequently, the execution last issued, and which is now sought to be quashed, was irregularly issued and voidable in law, and therelore correctly quashed by the Circuit Court. The judgment of the Phillips Circuit Court herein rendered, is therefore in all things affirmed.